Filed 3/27/25  P. v. Gilmore CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B335749 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. NA105314 |
| JAMAL LEE GILMORE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Carol J. Najera, Judge.  Reversed and remanded with instructions.

Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

## MEMORANDUM OPINION

The issue presented in this appeal is currently on review in the Supreme Court in *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169 (*Rhodius*). The issue, as stated on the Supreme Court's case docket, is: "Does Senate Bill No. 483 (Stats. 2021, ch. 728) entitle a defendant to a full resentencing hearing under Penal Code section 1172.75 if the defendant's prior prison term enhancements (Pen. Code, § 667.5, subd. (b)) were imposed and stayed, rather than imposed and executed?" Because this issue is narrow, has been thoroughly analyzed by Courts of Appeal, and will soon be resolved by the Supreme Court, we resolve this case by memorandum opinion. (See Cal. Stds. Jud. Admin., § 8.1.) For the reasons set forth below, we continue to agree with the majority of the Courts of Appeal to address the issue, and we reverse.

## BACKGROUND

In 2017, a jury convicted defendant and appellant Jamal Lee Gilmore of felony battery on a peace officer (Pen. Code,[1] § 243, subd. (c)(2)) and misdemeanor battery on a custodial officer. (§ 243, subd. (b).) The jury found Gilmore inflicted great bodily injury in the commission of the felony battery. (§ 12022.7, subd. (a).) Gilmore admitted he sustained one prior serious felony conviction and a prior strike conviction. (§§ 667, subd. (a)(1); 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) He also admitted he served one prior prison term. (§ 667.5, subd. (b).) The trial court sentenced him to 14 years in state prison,

---

[1]     All undesignated statutory references are to the Penal Code.

consisting of a three-year upper term on the felony count, doubled to six years under the Three Strikes law, plus a three-year great bodily injury enhancement and a five-year prior serious felony enhancement.[2]  Critically, for purposes of the issue presented in this appeal, the trial court stayed the one-year prior prison term enhancement.

Five years later, in 2022, the California Department of Corrections and Rehabilitation (CDCR) sent the trial court a letter identifying Gilmore as a person who qualified for resentencing under Senate Bill No. 483 (SB 483).[3]  Gilmore

---

[2]     The court sentenced Gilmore to a concurrent term of 364 days on the misdemeanor count.

[3]     "Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years.  [Citation.]  Effective January 1, 2020, Senate Bill No. 136 [ ] ([SB] 136) (Stats. 2019, ch. 590) amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses.  [Citations.]  Enhancements based on prior prison terms served for other offenses became legally invalid."  (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379-380 (*Burgess*).)  The Legislature later enacted SB 483, effective January 1, 2022, to make the changes implemented by SB 136 retroactive by adding former section 1171.1 (now section 1172.75) to the Penal Code.  (*Burgess*, *supra*, at p. 380, citing Stats. 2021, ch. 728, § 1 ["it is the intent of the Legislature to retroactively apply . . . [SB 136] to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements"].)

moved for recall and resentencing under section 1172.75.[4]  The trial court denied Gilmore's motion for recall and resentencing, concluding he was ineligible for relief as a matter of law because his section 667.5, subdivision (b) enhancement was stayed. Gilmore timely appealed.

## DISCUSSION

Gilmore argues that his imposed, but stayed, section 667.5 prior prison term enhancement must be stricken under section 1172.75.  He asserts that he is therefore entitled to a full resentencing hearing.  As background, and as discussed above, section 1172.75, subdivision (a) now provides, in pertinent part, that "[a]ny sentence enhancement *that was imposed* prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 . . . is legally invalid." (Italics added.)  Where now-invalid sentence enhancements were imposed, section 1172.75 requires a trial court to conduct a full resentencing hearing for a defendant. (§ 1172.75, subds. (c) & (d).)

---

4      Section 1172.75, subdivision (a), states, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid."  The CDCR is required to identify for the sentencing courts all persons "currently serving a term for a judgment that includes an enhancement described in subdivision (a) . . . ."  (§ 1172.75, subd. (b).)  "If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant."  (*Id.* at subd. (c).)  Subdivisions (d) and (e) of the statute lay out specific rules governing how the resentencing hearing should operate.

4

The Attorney General contends that the term "imposed" in section 1172.75 should not be interpreted to include sentences that were imposed but then stayed by a trial court. The Attorney General argues that "[s]ection 1172.75 is not intended to burden courts with resentencing proceedings for judgments containing inconsequential stayed terms."

The issue presented is a pure question of statutory interpretation that we review de novo. (See *People v. Lewis* (2021) 11 Cal.5th 952, 961.) We agree Gilmore is entitled to resentencing under section 1172.75.

As noted, the issue Gilmore presents is before the Supreme Court in *Rhodius*. A substantial majority of the Courts of Appeal to address the issue have concluded that defendants such as Gilmore whose section 667.5 enhancements are imposed but stayed are entitled to resentencing under section 1172.75. (*People v. Bravo* (2025) 107 Cal.App.5th 1144, 1155 [First District, Division Two]; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276-1279, review granted Mar. 12, 2024, S283547 [Third District]; *People v. Christianson* (2023) 97 Cal.App.5th 300, 311-313, 315, review granted Feb. 21, 2024, S283189 (*Christianson*) [Fourth District, Division One]; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 672-676, review granted Aug. 14, 2024, S285853 (*Mayberry*) [Fifth District]; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1281-1283 [Sixth District].) *Rhodius*, on the other hand, concluded resentencing is only available when the prior prison term enhancement was imposed and also executed. (*Rhodius*, *supra*, 97 Cal.App.5th at pp. 45, 49.)

We continue to agree with the majority view. The majority view has been set forth at length and with precision in published opinions, has been addressed by this division previously, and is

currently under review by our Supreme Court. It need not be addressed in great detail here. Nonetheless, we highlight certain reasons for our resolution that are particularly responsive to the arguments raised in the parties' briefs in this case.

Section 1172.75 applies to "any" prior prison term enhancement that is "imposed." (*People v. Espino* (2024) 104 Cal.App.5th 188, 195-196) (*Espino*).) The word "'impose'" generally means to "'to make, frame, or apply (as a charge, tax, obligation, rule, penalty) as compulsory, obligatory or enforc[ea]ble.'" (*Espino*, *supra*, at p. 196 [citing dictionary definitions].) Thus the word "imposed" in section 1172.75, subdivision (a) should include a sentence that is imposed (i.e., made enforceable) but then stayed. (*Espino*, *supra*, at p. 196.)

It is true that sometimes—for example, when the word "imposed" refers to a term of imprisonment—the context of some statutes means the word "'imposed'" must be read as a "'shorthand'" for "imposed and executed." (*Espino*, *supra*, 104 Cal.App.5th at pp. 196-197, citing *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125.) But that is not the case here. Section 1172.75, subdivision (a) does not refer to a term of imprisonment. No other context in section 1172.75 indicates "imposed" is a shorthand for "imposed and executed." Moreover, elsewhere in section 1172.75 the Legislature "carefully differentiated inmates based on how prison priors affected their sentences." (*Espino*, *supra*, at p. 198.) Taken together, these provisions indicate that if the Legislature intended to eliminate enhancements that were imposed and executed, but preserve those that were imposed but stayed, it would have done that expressly. (*Mayberry*, *supra*, 102 Cal.App.5th at p. 676; *Christianson*, *supra*, 97 Cal.App.5th at p. 313.)

Finally, it is not necessary to interpret the word "imposed" as meaning "imposed and executed" to avoid a conflict with section 1172.75, subdivision (d)(1)'s separate requirement that resentencing generally "result in a lesser sentence than the one originally imposed." We agree with the numerous cases that have so held. (*Mayberry*, *supra*, 102 Cal.App.5th at pp. 673-676; *Espino*, *supra*, 104 Cal.App.5th at p. 197; *Christianson*, *supra*, 97 Cal.App.5th at pp. 312, 315.) Even when an enhancement is stayed, the enhancement carries a potential for an increased sentence in certain circumstances. Thus, "removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential." (*Christianson*, *supra*, at p. 312.) Even if a defendant's benefit from eliminating an imposed but stayed enhancement is small, it is still a benefit.

Accordingly, while we wait for further guidance from the Supreme Court, we agree with the majority view on the issue raised by Gilmore on appeal. The case is therefore remanded for further proceedings under section 1172.75.[5]

---

5     Because we are remanding this case for resentencing for the reasons stated in this opinion, we need not address Gilmore's alternative argument that remand is required because he was denied his right to be present for his resentencing hearing.

## DISPOSITION

We reverse the trial court's order summarily denying resentencing.  The trial court is directed to conduct a full resentencing hearing, consistent with all provisions of section 1172.75, under current law.  (See *id.*, subds. (d) & (e).)  We express no opinion concerning what specific sentence the trial court should impose.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


DAUM, J.*

We concur:



COLLINS, Acting P. J.



MORI, J.

---

\*       Judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.